UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY SAMUELL, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   No. 18-1060 |
| | ) |
| JEFF STANDARD, et. al., | ) |
|    Defendants | ) |

MERIT REVIEW ORDER

Plaintiff filed a complaint pursuant to 42 U.S.C. §1983 followed by a motion for leave to amend his complaint. [1, 12]. Plaintiff's motion for leave to amend is granted pursuant to Federal Rule of Civil Procedure 15. [12].

This cause is before the Court for merit review of the Plaintiff's amended complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Fulton County Sheriff Jeff Standard, Deputy Sheriff Tim Harper, Unknown Deputies,[1] and Unknown Healthcare Providers violated his constitutional rights.

---

[1] While Plaintiff does not include "unknown deputies" in the list of Defendants in his amended complaint, Plaintiff did include the John Doe Defendants in his original complaint and Plaintiff makes reference to unknown deputies in the body of his amended complaint.

1

Plaintiff says on November 24, 2015, an unknown Fulton County Sheriff's Deputy kicked in his door in connection with "an alleged domestic disturbance." (Amd. Comp., [12], p. 2).[2] Plaintiff alleges the Deputy called for backup and told Plaintiff to get on the floor. However, before Plaintiff could comply, the deputy deployed his taser.

Defendant Deputy Tim Harper then entered the residence with two other deputies. An unknown deputy told Defendant Harper to tase Plaintiff again because Plaintiff "couldn't get my hands close enough together to get handcuffs on me." (Amd. Comp., [12], p. 2). Plaintiff claims he told the officers he was unable to get his hands any closer due to rotator cuff surgery.

Plaintiff claims an unknown deputy then tased Plaintiff in the hip and thigh causing him to fall. A short time later, Defendant Harper then tased Plaintiff a third time "close to the heart and I passed out." (Amd. Comp., [12], p. 3).

Plaintiff told the officers he was having a heart attack when they placed him in a police vehicle, but the officers took Plaintiff to the Fulton County Jail. Plaintiff also told unknown medical staff he was having a heart attack, but they refused any treatment.

Plaintiff has attached a document to his amended complaint from the Fulton County Sheriff noting the medical files include only one sick call request from Plaintiff

---

[2] The Court notes Plaintiff is now incarcerated at Hill Correctional Center serving a sentence for Domestic Battery. *See* https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited on November 13, 2018).

dated March 3, 2016 in which Plaintiff asked for a special diet. (Amd. Comp., [12], p. 10). There were no records of sick call requests relating to heart problems.

Nonetheless, Plaintiff says he "continues to live with severe and debilitating pain in his shoulder, and was diagnosed with (a) congenital heart defect and valvular-heart disease." (Amd. Comp., [12], p. 3). Plaintiff claims if his conditions had been diagnosed at the time he complained of a heart attack, "he could have been diagnosed earlier and put on medication so he would not have to endure open heart surgery." (Amd. Comp., [12], p. 3).

Plaintiff does not allege he had heart surgery. Plaintiff also does not allege either of his heart conditions are in any way related to the use of the taser. By definition, an individual is born with a congenital heart defect and heart valve disease can also be present at birth.[3] Signs and symptoms of either condition may not occur until later in life. The fact that Plaintiff believes his complaints on November 24, 2015 might have led to earlier detection of unrelated conditions does not state a constitutional violation.

In addition, Plaintiff does not clearly reference a shoulder injury which occurred as a result of the taser.

Finally, Plaintiff claims unknown medical Defendants failed to provide treatment for the "wounds" he received from the "taser darts." (Amd. Comp., [12], p. 3). Plaintiff does not provide any further information. Therefore, it is unclear what wounds he

---

[3] *See* https://www.mayoclinic.org/diseases-conditions/heart-valve-disease/symptoms-causes/syc-20353727 (last visited Nov. 13, 2018): *see also* https://www.mayoclinic.org/diseases-conditions/adult-congenital-heart-disease/symptoms-causes/syc- (last visited Nov. 13, 2018).

suffered and what treatment he needed. Plaintiff has not clearly stated that he suffered from a serious medical condition.

Plaintiff has adequately alleged Defendant Deputy Harper and unknown other deputies used excessive force against him when they continued to deploy a taser when Plaintiff was not resisting arrest. Plaintiff claims his excessive force allegation is stated against the Defendants in their official capacities, but his complaint alleges only individual capacity claims. In addition, Plaintiff has not articulated a claim against Sheriff Standard because Plaintiff has not alleged the Sheriff was directly involved in the alleged incident. *See Ali v. West*, 2017 WL 176304, at *3 (E.D.Wis. Jan. 17, 2017)("[b]ecause personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions."); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* does not apply to § 1983 actions..").

Nonetheless, while Plaintiff has articulated an excessive force claim, it is clear from the face of his complaint that this claim is barred by the statute of limitations period. Section 1983 does not contain an express statute of limitations, so federal courts borrow the statute of limitations from the state in which the alleged violation occurred. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). In Illinois, the limitations period for § 1983 cases is two years. *Kalimara v. Illinois Dep't of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989): *see also Webb v. Webb*, 2018 WL 910487, at *3 (S.D.Ill. Jan. 25, 2018)(statute of limitations is not tolled if allegation

alleged excessive force during arrest even if plaintiff was incarcerated at the time he filed his complaint.)

In this case, Plaintiff alleges the Defendants used excessive force on November 24, 2015. Therefore, Plaintiff was required to file his lawsuit on or before November 24, 2017. Plaintiff did not file his initial complaint until February 12, 2018. Therefore, Plaintiff's claims are barred by statute of limitations.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to amend is granted pursuant to Federal Rule of Civil Procedure 15. [12].

2) Pursuant to the Court's review of Plaintiff's amended complaint, any claims relevant to November 24, 2015 are barred by the two year statute of limitations period. Therefore, Plaintiff's case is dismissed in its entirety.

3) Plaintiff has paid the filing fee in full. No further deductions should be taken for payment of the initial filing fee.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 14th day of November, 2018.

s/ James E. Shadid

---

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE